FILED
United States Court of Appeals
Tenth Circuit

April 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAMES HUBER, a/k/a James Hubert,
a/k/a James Jay Huber,

        Defendant - Appellant.

No. 08-1487

(D. Colorado)

(D.C. No. 07-cv-02576-WYD)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case

is therefore ordered submitted without oral argument.

This matter is before the court on James Huber's pro se request for a

certificate of appealability ("COA"). Huber seeks a COA so he can appeal the

district court's denial of his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B).

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because Huber has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Huber was indicted on multiple weapons and bank robbery charges in multiple federal districts.[1] He pleaded guilty to one weapons charge and two armed bank robbery charges in exchange for the government agreeing to dismiss the remaining charges. The plea agreement provided that Huber would serve a total term of forty years' imprisonment on all convictions, including a bank robbery conviction the government had already obtained. The district court accepted the plea and imposed a sentence of 333 months' imprisonment.[2]

Huber did not file a direct appeal, but instead filed the instant § 2255 motion raising the following claims: (1) his attorney was ineffective in various particulars; (2) some of the charges were tainted by prosecutorial vindictiveness; and (3) he was denied due process when the district court dissuaded him from seeking a new attorney prior to the sentencing proceeding. The district court ruled that the record conclusively demonstrated Huber was not entitled to relief.

---

[1]Based on Huber's desire to resolve all charges against him pursuant to a plea agreement, charges from the United States District Court for the Eastern District of North Carolina and the United States District Court for the District of Nebraska were transferred to the United States District Court for the District of Colorado pursuant to Fed. R. Crim. P. 20(a).

[2]This sentence, when combined with the sentence of 147 months' imprisonment imposed in the previously obtained bank robbery conviction, resulted in a total term of imprisonment of 40 years.

Accordingly, the district court denied Huber's request for an evidentiary hearing and denied his § 2255 petition.

The granting of a COA is a jurisdictional prerequisite to Huber's appeal from the dismissal of his § 2255 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Huber must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether Huber has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Huber need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Huber's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Huber is not entitled to a COA. The district court's resolution of Huber's § 2255 motion is not reasonably subject to debate, and the issues he seeks to raise on appeal are not adequate to deserve

further proceedings.  Accordingly, this court **DENIES** Huber's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
